By the Chancellor.

How long this case has been in-Court, I do not know; but I know, that ever since the commencement of my time upon the bench, it has been regularly continued for the plaintiffs, for some cause or other. shall not say any thing about the conduct of any person concerned in this case; but the testimony is presented under circumstances that are suspicious, and dangerous to the justice of the country.
The commission ought not to have been asked for, (after the cause was in my hands,) but in Court; and ought not to have been issued in vacation by the clerk ; but I do not blame him, nor the counsel. Formerly* after a cause was set for hearing upon a publication of depositions, no commission could then be issued, to examine other witnesses without leave of the Court, to enlarge the rule of publication. The statute regulating the practice of this Court, says, (1 Rev. Code, 67. s. 46.) “ whenever a general commission shall issue for taking “ depositions upon answer and replication, six months u from the time of the replication shall be allowed the “ parties, for taking their depositions, and either party* at the expiration of the said six months, may set the “ same for hearing; nor shall any deposition taken after (i that time be read as evidence on the hearing, except “ the same was taken by consent of the parties, by special “ order of Court, or out of the State.” This law produced so many applications to the Court, for special orders, that it became as inconvenient to counsel as it was expensive to suitors; and therefore the Court made a standing rule, that commissions to take depositions may issue at any time, after the cause, in which they may be required, is set for hearing, without any application to the Court for that purpose. This was done under ais: impression, that, the true intent and meaning of the act,. *399 >vould be preserved in the practice of the Court, counsel relieved from great inconveniences, and suitors from very great expense ; and, more especially, as exceptions to the reading of such depositions may be made at any time before the hearing of the cause ; but it never was supposed by me, that, under any practice, a commission .would be asked for, after the argument of a cause, but in Court ; and in no such case should it be issued, but by special order of the Court, made upon the affidavit of the party ; but, since no such application was made to the Court in this case, the depositions ought not to be received, but upon such an affidavit of the party, as would, have entitled him to a commission by special order of the Court, which, at this time, would be a • very great favour. The rule of the Court in future will be understood, as authorizing commissions to either party between the first publication, and the trial of the case, but not afterwards. {Vid.Anonymous case, post, 401.) The Court should act with very great caution in awarding commissions after an argument: it should most clearly appear, by affidavit, or otherwise, that the commission was required by the justice of the case, and that the party was not guilty of any laches, which he could have controlled : but to receive testimony, taken without any of those solemnities, and before unknown to the party, who accidentally discovered it at a horse-race, would be to establish a rule, to invite men to the subornation of perjury, with very great certainty of success, as no attempt would be made, without a full knowledge of the point to be established, which is not generally the case before a cause has been decided. Again, every rule that takes us from a cross-examination of the witnesses in Court, and substitutes their depositions from a distance, should be guarded, at least, with the strictness of the lqw ; and the act before referred to is *400 positive, that such testimony shall not be read, and this Court is as much bound by the law, as any other Court.
The depositions cannot be received1.